

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**ENTERED
01/18/2012**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 10-40058** |
| | § | |
| **MASSOUD BASTANKHAH, MARY E** | § | **CASE NO: 10-40060** |
| **BASTANKHAH** | § | |
| | § | **Jointly Administered Order** |
| **TENAX MANAGEMENT, LP** | § | **CHAPTER 11** |
| | § | |
| Debtor(s). | § | **DAVID R. JONES** |

**MEMORANDUM OPINION ON CONFIRMATION
OF THE DEBTORS' PLAN OF REORGANIZATION
(Docket No. 131-Case No. 10-40058)
(Docket No. 167-Case No. 10-40060)**

1.      On January 4, 2012, the Court convened a hearing to consider confirmation of the Debtors' third amended plan of reorganization in these jointly administered cases (the "Plan"). Objections to the Plan were filed by UPI Builders, L.L.C. ("UPI") and Banco Popular North America ("Banco").  On December 23, 2011, UPI filed a conditional withdrawal of its objection premised on the Court's approval of a compromise between the Debtors and UPI [Docket No. 179].   The compromise was subsequently approved immediately prior to the confirmation hearing by orders entered January 4, 2012 [Docket No. 140, Case No. 10-40058; Docket No. 186, Case No. 10-40060].  UPI then affirmed the withdrawal of its objection on the record.

2.      The Debtors and Banco stipulated to the admission of all exhibits.  The Debtors offered nine exhibits while Banco tendered sixty-six exhibits.  The parties were informed that the Court would not read exhibits not referenced by a witness unless requested to specifically do so. Banco identified four exhibits that were not referenced during the hearing which the Court subsequently reviewed.

3.      The Debtors and Banco also stipulated that the Plan meets the requirements of 11 U.S.C. §§ 1129(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(6), (a)(7), (a)(9), (a)(10), (a)(12), (a)(13), (a)(14), (a)(15) and (a)(16).  The parties dispute whether the Plan meets the requirements of § 1129(a)(11) and whether the Plan satisfies the "cramdown" requirements of § 1129(b)(2)(A).  In plain language, Banco asserts that the Plan cannot be confirmed because (i) the interest rate proposed under the Plan is too low; and (ii) the Plan will fail because the Debtors will not be able to refinance or sell the property that serves as Banco's collateral within the 60-month timeframe set forth in the Plan.

4.      The Debtors offered the testimony of Badra Andrews and Massoud Bastankhah in support of the Plan.  Banco presented no witnesses during its case-in-chief and relied upon its assertion that the Debtors had not met their burden during their case-in-chief.

5.      During the hearing, the Debtors proposed a plan amendment that improved the treatment of Banco's Class 1 secured claim as follows:

- •    Interest Rate:  increase from 4.75% to 5.00%

- •    Decrease in the amortization period from 15 years to 12 years

- •    Increase in the monthly payment from $34,888.00 to $37,356.53

- •    Balance payable 60 months from the effective date.

- •    The inclusion of a provision which provides that Banco may declare a default under the Plan upon 20-day written notice to the Debtors with an opportunity to cure with a maximum of 3 defaults.

6.      Banco objected to this improved treatment as being prejudicial.  In response to questioning from the Court, Banco was unable to state with specificity how better treatment of its claim was prejudicial.  The Court overrules Banco's objection and accepts the Debtors' plan amendment.   With respect to confirmation of the Plan, as amended, the Court concludes as follows.

## 11 U.S.C. § 1129(a)(11)

7.      Section 1129(a)(11) requires that confirmation of a plan is not likely to be followed by liquidation or the need for further financial reorganization, unless such liquidation or reorganization is proposed in the plan.  *In re T-H New Orleans Ltd. Partnership*, 116 F.3d 790, 801 (5th Cir. 1997).  The standard of proof required to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *Id.*

8.      Banco asserts that the Debtors' plan is not feasible because the Debtors will not be able to refinance or sell the property that serves as the Banco's collateral on or before the 60th month of the Plan.  In determining whether a debtor's chapter 11 plan is feasible, the Fifth Circuit Court of Appeals has noted "the court need not require a guarantee of success ..., [o]nly a reasonable assurance of commercial viability is required." *In re Briscoe Enter., Ltd.*, 994 F.2d 1160, 1165-66 (5th Cir. 1993); see also *In re Landing Assoc., Ltd.*, 157 B.R. 791, 820 (Bankr. W.D.Tex. 1993) (All the bankruptcy court must find is that the plan offer "a reasonable probability of success.").  Debtors are not required to view business and economic prospects in the worst possible light.  *In re T-H New Orleans Ltd. Partnership*, 116 F.3D 790, 802 (5th Cir. 1997).

9.      In this case, the Debtors propose to make monthly payments of both principal and interest to Banco based on an annual interest rate of 5.00% and a 12-year amortization schedule. All unpaid amounts are due in full 60 months from the effective date of the Plan.  Interestingly, the original loan by Banco to the Debtors contemplated a more favorable (to the Debtors) 15-year amortization schedule with the same 60-month call feature.  The Debtors' witnesses testified that (i) the property produced sufficient cash flow to make the monthly payments of principal and interest; and (ii) meetings were already underway to seek a refinancing of the

property but that the Debtors needed to exit from bankruptcy before those discussions could continue. Banco provided no contravening testimony. The Court further notes that the Debtors have been timely making adequate protection payments to Banco during the case in an amount that is close to the proposed monthly payment amount under the Plan.

10. Banco also asserts that the "balloon" feature of the Plan renders it unconfirmable. However, courts consistently find that a balloon plan is not inherently unfeasible. *In re Landing Associates Ltd.*, 157 B.R. 791, 820 (Bankr. W.D. Tex. 1993) (citing *In re Club Associates*, 107 B.R. 385 (Bankr. N.D. Ga. 1989)). Citing *American Trailer*, Banco argues the Plan is not confirmable because the Debtors failed to provide "reasonable certainty" that the Debtors will be able to satisfy the obligations to Banco at the end of the 59th month of the Plan. However, *American Trailer* does not set the bar for confirmation so high. "The issue regarding feasibility and whether a debtor's projections are reasonable is not whether the success of the plan can be guaranteed. . . [r]ather, the Debtor must prove that the plan "offers a reasonable prospect of success and is workable." *In re American Trailer & Storage, Inc.*, 419 B.R. 412, 422-23 (Bankr. W.D. Mo. 2009). *American Trailer* suggests that a debtor must only offer "some proof that funds will be available at the time the balloon payment is due." *Id*. at 430.

11. The *American Trailer* court listed a number of factors to consider when evaluating the feasibility of a balloon plan, including (i) the future earning capacity of the debtor, (ii) whether the plan provides for the payment of principal and interest to the secured creditor, (iii) the motivation of the debtor to execute the plan successfully, (iv) equity in the property, and (v) whether the plan provides for the reduction of debt to enhance the prospects for refinancing at the end of the term. *Id*.

12. In this case, there is uncontroverted evidence that the Debtors have equity in the property, that the principal amount owed to Banco will be reduced on a monthly basis throughout the term of the Plan, that the Plan provides for the monthly payment of principal and interest to Banco, and that the Debtors have already begun to explore refinancing of the Banco debt.

13. The Court finds that the Debtors have met their burden with respect to the requirements of 11 U.S.C. § 1129(a)(11).

## Cramdown under 11 U.S.C. § 1129(b)(1)

14. Section 1129(b)(1) provides that if all the requirements of § 1129(a) are satisfied other than § 1129(a)(8), the Court must confirm the plan if the plan does not discriminate unfairly and is fair and equitable with respect to each class of impaired claims that has not voted to accept the plan. Banco does not assert that the Plan unfairly discriminates and the Court specifically finds that the Plan does not unfairly discriminate against Banco.

15. With respect to a class of secured claims, a plan is fair and equitable if the claimant (i) retains its lien(s) and (ii) receives deferred cash payments equal to the amount of its secured claim. 11 U.S.C. § 1129(b)(2)(A). Banco's asserts that the proposed interest rate under the Plan is too low and it is therefore not receiving deferring cash payments equal to the present

value of its claim.  Banco maintains this argument even after the Debtors' plan amendment which increased the interest rate from 4.75% to 5.00%.

16.     This, the question is – what is the proper rate of interest?  While the Fifth Circuit has not proscribed the methodology for determining the proper interest rate under a chapter 11 plan, lower courts in this circuit have addressed the issue in a persuasive manner.  *In re SJT Ventures, LLC*, 441 B.R. 248, 252 (Bankr. N.D. Tex. 2010) (citing *In re Northwest Timberline Enter., Inc.,* 348 B.R. 412, 423 (Bankr. N.D. Tex. 2006)).

17.     In *SJT Ventures*, the court encouraged a "market based approach" to determine a proper post-confirmation interest rate.  *In re SJT Ventures, LLC*, 441 B.R. 248, 252 (Bankr.N.D.Tex. 2010).  Moreover, while *Till* was determined in the context of a chapter 13 case, this Court agrees that the Supreme Court's reasoning is applicable to determining the proper calculation of the "present value" of secured debt for the purposes of  § 1129(b).  *See Till v. SCS Credit Corp.,* 541 U.S. 465 (2004).

18.     To calculate an appropriate interest rate, one must start with the yield on a "risk free" five-year investment.  In the words of the Fifth Circuit, the daily five-year treasury rate "includes all necessary factors except the risk premium." *In re Briscoe Enters., Ltd. II,* 994 F.2d 1160, 1169 (5th Cir. 1993).  The current yield on a five-year treasury bond is .80%.  The Debtors' Plan therefore has a risk premium of 4.20%.  The uncontroverted testimony adduced at confirmation is that Banco is significantly oversecured.  The Court finds that a 5.00% interest rate is within the range of reason and that the Debtors have satisfied the requirements of § 1129(b)(1).

19.     Having satisfied the requirements of  § 1129, the Court confirms the Debtors' Plan, as amended, on the record by separate order entered this date.

**SIGNED: January 18, 2012.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**